1  AEGIS LAW FIRM, PC
   KASHIF HAQUE, State Bar No. 218672
2  SAMUEL A. WONG, State Bar No. 217104
   JESSICA L. CAMPBELL, State Bar No. 280626
3  ALI S. CARLSEN, State Bar No. 289964
   9811 Irvine Center Drive, Suite 100
4  Irvine, California 92618
   Telephone: (949) 379-6250
5  Facsimile: (949) 379-6251
6
7  Attorneys for Plaintiff David Whitaker,
   individually and on behalf of all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 07 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11  DAVID WHITAKER, individually and on       Case No.   BC 6 4 9 6 8 2
    behalf of all others similarly situated
12
13          Plaintiff,                         CLASS ACTION COMPLAINT FOR:

14     vs.                                     1.  Failure to Pay Minimum Wages;

15  U.S. RENAL CARE, INC.; and DOES 1          2.  Failure to Pay Overtime Wages;
    through 20, inclusive,
16                                             3.  Failure to Provide Meal Periods;

17          Defendants.                        4.  Failure to Permit Rest Breaks

18                                             5.  Failure to Provide Accurate Itemized Wage
19                                                 Statements;

20                                             6.  Failure to Pay All Wages Due Upon
                                                   Separation of Employment; and
21
22                                             7.  Violation of Business and Professions
                                                   Code §§ 17200, et seq.
23                                                                    BY FAX
24                                             DEMAND FOR JURY TRIAL

25

26

27

28

                              CLASS ACTION COMPLAINT

Plaintiff David Whitaker, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff David Whitaker ("Plaintiff") brings this putative class action against defendants U.S. Renal Care, Inc., and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of himself individually and a putative class of non-exempt employees employed by Defendants throughout California.

2.    Defendants operate dialysis centers throughout California.

3.    Through this action, Plaintiff is alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay all wages (including minimum wages and overtime wages);

(b) Failing to provide meal periods or compensation in lieu thereof;

(c) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(d) Failing to provide accurate itemized wage statements; and

(e) Failing to pay all wages due upon separation of employment.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198.

## JURISDICTION AND VENUE

6.    This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

-1-

CLASS ACTION COMPLAINT

1       7.    This Court has jurisdiction over this action pursuant to the California

2  Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

3  causes except those given by statutes to other courts. The statutes under which this action is

4  brought do not specify any other basis for jurisdiction.

5       8.    This Court has jurisdiction over all Defendants because, upon information and

6  belief, they are citizens of California, have sufficient minimum contacts in California or

7  otherwise intentionally avail themselves of the California market so as to render the exercise of

8  jurisdiction over them by the California courts consistent with traditional notions of fair play

9  and substantial justice.

10       9.    Venue is proper in this Court because, upon information and belief, Defendants

11  reside, transact business or have offices in this county and the acts and omissions alleged herein

12  took place in this county.

13                               **THE PARTIES**

14       10.    Plaintiff is a resident of Los Angeles County who worked for Defendants during

15  the relevant time period.

16       11.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all

17  times hereinafter mentioned, were and are employers as defined in and subject to the Labor

18  Code and IWC Wage Orders, whose employees were and are engaged throughout this county

19  and the State of California.

20       12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

21  under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

22  Complaint and serve such fictitiously named defendants once their names and capacities

23  become known.

24       13.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

25  acted in all respects pertinent to this action as the agent of the other defendant, carried out a

26  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

27  defendant are legally attributable to the other defendant. Furthermore, defendants in all

28  respects acted as the employer and/or joint employer of Plaintiff and the class members.

-2-

CLASS ACTION COMPLAINT

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

18.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.     Plaintiff's proposed Class consists of and is defined as follows:

Class
All current and former non-exempt employees employed by Defendants in the State of California within four years prior to the filing of this action to the present.

20.     Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass
All Class members who separated their employment with Defendants at any time within three years prior to the filing of this action to the present.

21.     Plaintiff reserves the right to establish other or additional Subclasses, or modify any Class or Subclass definition, as appropriate.

22.     Members of the Class and Subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to re-define the above Class and Subclass

-3-

CLASS ACTION COMPLAINT

1  and add additional Subclasses as appropriate based on investigation, discovery and specific

2  theories of liability.

3       23.    There are common questions of law and fact as to the Class and Subclass that

4  predominate over any questions affecting only individual members including, but not limited to:

5       (a)    Whether Defendants paid Plaintiff and class members all wages

6  (including minimum wages and overtime wages) for all hours worked by Plaintiff and class

7  members;

8       (b)    Whether Defendants required Plaintiff and class members to work over 8

9  hours per day, over twelve (12) hours per day and/or over forty (40) hours per week and failed

10  to pay them overtime compensation at the proper rate;

11       (c)    Whether Defendants deprived Plaintiff and class members of timely

12  meal periods or required Plaintiff and class members to work through meal periods without

13  compensation;

14       (d)    Whether Defendants deprived Plaintiff and class members of rest breaks

15  or required Plaintiff and class members to work through rest breaks without compensation;

16       (e)    Whether Defendants failed to provide accurate itemized wage statements

17  to Plaintiff and class members;

18       (f)    Whether Defendants failed to timely pay all wages due to Subclass

19  members upon termination or within seventy-two (72) hours of resignation;

20       (g)    Whether Defendants' conduct was willful or reckless; and

21       (h)    Whether Defendants engaged in unfair business practices in violation of

22  Business and Professions Code §§ 17200, *et seq.*

23       24.    There is a well-defined community of interest in this litigation and the proposed

24  Class and Subclass are readily ascertainable:

25       (a)    Numerosity: The members of the Class and Subclass are so numerous

26  that joinder of all members is impractical.  Although the members of the entire Class and

27  Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated

28

-4-

1   to be greater than one hundred (100) individuals.  The identities of the Class and Subclass are

2   readily ascertainable by inspection of Defendants' employment and payroll records.

3          (b)   Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

4   claims (or defenses, if any) of the class because Defendants' failure to comply with the

5   provisions of California's wage and hour laws entitled each class member to similar pay,

6   benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries

7   sustained by the Class and Subclass, because they arise out of and are caused by Defendants'

8   common course of conduct as alleged herein.

9          (c)   Adequacy: Plaintiff will fairly and adequately represent and protect the

10   interests of all members of the Class and Subclass because it is in her best interests to prosecute

11   the claims alleged herein to obtain full compensation and penalties due them and the Class and

12   Subclass.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in

13   litigating large employment class actions and versed in the rules governing class action

14   discovery, certification and settlement.  Plaintiff has incurred and, throughout the duration of

15   this action, will continue to incur attorneys' fees and costs that have been and will be

16   necessarily expended for the prosecution of this action for the substantial benefit of each class

17   member.

18          (d)   Superiority: The nature of this action makes use of class action

19   adjudication superior to other methods.  A class action will achieve economies of time, effort

20   and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because

21   the same issues can be adjudicated in the same manner and at the same time for the entire Class

22   and Subclass.  If appropriate this Court can, and is empowered to, fashion methods to

23   efficiently manage this case as a class action.

24          (e)   Public Policy Considerations: Employers in the State of California

25   violate employment and labor laws every day.  Current employees are often afraid to assert

26   their rights out of fear of direct or indirect retaliation.  Former employees are fearful of

27   bringing actions because they believe their former employers might damage their future

28   endeavors through negative references and/or other means.  Class actions provide the class

-5-

1    members who are not named in the complaint with a type of anonymity that allows for the

2    vindication of their rights at the same time as affording them privacy protections.

3    **GENERAL ALLEGATIONS**

4          25.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

5    persons as non-exempt employees.

6          26.    Plaintiff is or was employed in non-exempt positions at Defendants' California

7    business location(s).

8          27.    Defendants continue to employ non-exempt employees within California.

9          28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

10    mentioned, Defendants were advised by skilled lawyers, employees and other professionals

11    who were knowledgeable about California's wage and hour laws, employment and personnel

12    practices and the requirements of California law.

13          29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14    should have known that Plaintiff and class members were entitled to receive wages for all time

15    worked (including minimum wages and overtime wages) and that they were not receiving all

16    wages earned for work that was required to be performed. In violation of the Labor Code and

17    IWC Wage Orders, Plaintiff and class members were not paid wages (including minimum

18    wages and overtime wages) for all hours worked when Defendants rounded Plaintiff's and class

19    members' time worked to Defendants' benefit, among other things.

20          30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and class members were entitled to receive all required meal

22    periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular

23    rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the

24    Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal

25    periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular

26    rate of pay when they did not receive a timely, uninterrupted meal period.

27          31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28    should have known that Plaintiff and class members were entitled to receive all rest breaks or

-6-

1  payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay

2  when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff

3  and class members did not receive all rest breaks or payment of one (1) additional hour of pay

4  at Plaintiff's and class members' regular rate of pay when a rest break was missed.

5       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6  should have known that Plaintiff and class members were entitled to receive itemized wage

7  statements that accurately showed their gross and net wages earned, total hours worked and all

8  applicable hourly rates in effect and the number of hours worked at each hourly rate in

9  accordance with California law.  In violation of the Labor Code, Plaintiff and class members

10  were not provided with accurate itemized wage statements.

11       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12  should have known that former class members were entitled to timely payment of wages due

13  upon separation of employment.  In violation of the Labor Code, Waiting Time Subclass

14  members did not receive payment of all wages within permissible time periods.

15       34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

16  should have known they had a duty to compensate Plaintiff and class members, and Defendants

17  had the financial ability to pay such compensation but willfully, knowingly and intentionally

18  failed to do so all in order to increase Defendants' profits.

19       **FIRST CAUSE OF ACTION**
20  **FAILURE TO PAY MINIMUM WAGES**
(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)

21       35.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

22  though fully set forth herein.

23       36.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

24  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

25  wage than the minimum so fixed is unlawful.

26       37.    During the relevant time period, Defendants paid Plaintiff and class members

27  less than minimum wages when they rounded Plaintiff's and class members' time punches to

28  Defendants' benefit, among other things. To the extent these hours do not qualify for the

-7-

CLASS ACTION COMPLAINT

payment of overtime, Plaintiff and class members were not being paid at least minimum wages for their work.

38. During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

39. Defendants' failure to pay Plaintiff and class members the required minimum wages violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

40. Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME AND DOUBLE TIME
(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)

41. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

42. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

43. Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

-8-

1     44.    Plaintiff and class members were non-exempt employees entitled to the

2   protections of California Labor Code §§ 510 and 1194.

3     45.    During the relevant time period, Defendants failed to pay Plaintiff and class

4   members overtime wages for all overtime hours worked when it rounded Plaintiff's and class

5   members' time punches to Defendants' benefit, among other things. To the extent these hours

6   qualify for the payment of overtime, Plaintiff and class members were not being paid proper

7   overtime wages.

8     46.    In violation of state law, Defendants have knowingly and willfully refused to

9   perform their obligations and compensate Plaintiff and class members for all wages earned and

10   all hours worked, including work performed off the clock as alleged above.

11     47.    Defendants' failure to pay Plaintiff and class members the unpaid balance of

12   overtime and double time compensation, as required by California law, violates the provisions

13   of Labor Code §§ 510 and 1198, and is therefore unlawful.

14     48.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to

15   recover their unpaid overtime and double time compensation as well as interest, costs and

16   attorneys' fees.

17                     **THIRD CAUSE OF ACTION**

18            **FAILURE TO PROVIDE MEAL PERIODS**

        (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

19

20     49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

21   though fully set forth herein

22     50.    Labor Code § 226.7 provides that no employer shall require an employee to work

23   during any meal period mandated by the IWC Wage Orders.

24     51.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

25   any person for a work period of more than five (5) hours without a meal period of not less than

26   30 minutes, except that when a work period of not more than six (6) hours will complete the

27   day's work, the meal period may be waived by mutual consent of the employer and the

28   employee."

52.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

53.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

54.    During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were short, missed, or late and/or they were not permitted to take a second meal period.

55.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

56.    At all relevant times, Defendants failed to pay Plaintiff and class members meal period premium for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

57.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

### FAILURE TO PERMIT REST BREAKS
(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

58.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-10-

59.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

60.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

61.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

62.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63.     At all relevant times, Defendants failed to pay Plaintiff and class members rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

64.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code § 226)

65.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

66.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

-11-

earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

67.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

68.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights.  Specifically, Plaintiff and class members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a).  Plaintiff and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

-12-

1     69.    Plaintiff and class members are entitled to recover from Defendants the greater
2 of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or
3 fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred
4 dollars ($100.00) per employee for each violation in subsequent pay periods, in an amount not
5 exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

6     70.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff
7 and class members from knowing, understanding and disputing the wages paid to them, and
8 resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'
9 knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and
10 class members have suffered an injury, the exact amount of damages and/or penalties is all in
11 an amount to be shown according to proof at trial.

12    71.    Plaintiff and class members are also entitled to injunctive relief under California
13 Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and
14 seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**
(Violation of Labor Code §§ 201, 202 and 203)

18    72.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
19 though fully set forth herein.

20    73.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,
21 the wages earned and unpaid at the time of discharge are due and payable immediately, and that
22 if an employee voluntarily leaves his employment, his wages shall become due and payable not
23 later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)
24 hours previous notice of his intention to quit, in which case the employee is entitled to his
25 wages at the time of quitting.

26    74.    During the relevant time period, Defendants willfully failed to pay Waiting
27 Time Subclass members all their earned wages upon termination including, but not limited to,

-13-

CLASS ACTION COMPLAINT

20

1 | proper minimum wages and overtime compensation, either at the time of discharge or within

2 | seventy-two (72) hours of their leaving Defendants' employ.

3 |     75.    Defendants' failure to pay Waiting Time Subclass members all their earned

4 | wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

5 | employ is in violation of Labor Code §§ 201 and 202.

6 |     76.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

7 | immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202,

8 | then the wages of the employee shall continue as a penalty from the due date at the same rate

9 | until paid or until an action is commenced; but the wages shall not continue for more than thirty

10 | (30) days.

11 |     77.    Waiting Time Subclass members are entitled to recover from Defendants the

12 | statutory penalty which is defined as Waiting Time Subclass members regular daily wages for

13 | each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

14 | maximum pursuant to Labor Code § 203.

15 |                 **SEVENTH CAUSE OF ACTION**

16 | <u>**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***</u>

17 |

18 |     78.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

19 | though fully set forth herein.

20 |     79.    Defendants' conduct, as alleged herein, has been and continues to be unfair,

21 | unlawful and harmful to Plaintiff and class members. Plaintiff seeks to enforce important rights

22 | affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

23 |     80.    Defendants' activities, as alleged herein, violate California law and constitute

24 | unlawful business acts or practices in violation of California Business and Professions Code

25 | §§ 17200, *et seq.*

26 |     81.    A violation of Business and Professions Code §§ 17200, *et seq.* may be

27 | predicated on the violation of any state or federal law.

28 |

-14-

CLASS ACTION COMPLAINT

82.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all wages earned (including minimum wages and overtime wages) to Plaintiff and class members in violation of Labor Code      §§ 510, 1194, 1197, and 1198;

(b)     Failing to provide meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(c)     Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(d)     Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226; and

(f)     Failing to timely pay all earned wages to Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

83.     Defendants intentionally avoided paying Plaintiff's and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

84.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

-15-

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of David Whitaker, as the class representative;

3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    For liquidated damages pursuant to Labor Code § 1194.2;

7.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 Labor Code §§ 226(e), 1194;

8.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

11.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

12.    For pre-judgment interest; and

13.    For such other relief as the Court deems just and proper.

Dated: February 6, 2017                AEGIS LAW FIRM, PC

                                                        By: _____
                                                              Ali S. Carlsen
                                                              Attorneys for Plaintiff

-16-

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4      Dated: February 6, 2017                    AEGIS LAW FIRM, PC

5

6                                                 By: _____

7                                                         Ali S. Carlsen
                                                   Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

CLASS ACTION COMPLAINT