JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. RENAL CARE, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. CV 17-2661-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on May 1, 2017. (Dkt. No. 14). Having been briefed thoroughly by both parties, this Court finds the matter suitable for decision without the need for oral argument. Accordingly, the Court took the matter under submission on June 14, 2017.

Plaintiff filed a class action complaint against Defendant in Superior Court. Plaintiff's Complaint alleges class action claims for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to provide accurate wage statements; (6) failure to pay wages due upon separation of employment; and (7) unfair business practices. Plaintiff filed the Complaint on his own behalf as well as all non-exempt employees employed by Defendant in California within the four years prior to the

filing of the action. Defendant removed the case to this Court arguing that the Court has jurisdiction under the Class Action Fairness Act ("CAFA").

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

CAFA gives federal courts diversity jurisdiction to hear class actions when (1) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) the plaintiff's putative class includes at least 100 members. 28 U.S.C. § 1332(d). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" but when that allegation is challenged by the plaintiff, "evidence establishing the amount is required . . . ." *Dart Cherokee Basin Operating Co., LLC v. Owens*, -- U.S. --, 135 S.Ct. 547, 554 (2014). The defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and may present summary-judgment-type evidence to do so. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[A] damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air, but need some reasonable ground underlying them." *Id.* at 1199.

The parties do not dispute the minimum diversity or numerosity elements of CAFA. Accordingly, the only issue is whether the amount in controversy exceeds the $5,000,000 jurisdictional threshold. Defendant alleged in the Notice of Removal that the amount in controversy did exceed the threshold, and Plaintiff challenged that allegation in the Motion. Defendant has presented various calculations based on the declaration of its payroll manager and assumptions regarding Plaintiff's claims. For the reasons discussed below, the Court finds that Defendant failed to meet its burden to show there is more than $5,000,000 in controversy.

Plaintiff's Complaint alleges that Defendant failed to pay class members minimum wage

and overtime "when [Defendants] rounded Plaintiff's and class members' time punches to Defendants' benefit, among other things." (Compl. ¶¶ 37, 45). Defendant argues that the minimum wage claim reasonably puts $1,029,189.12 at issue and the overtime claim reasonably puts $5,273,689.68 at issue. To reach these figures, Defendant assumes that each employee was denied one hour of minimum wage compensation and one hour of overtime per week. However, Plaintiff's Complaint bases these claims on rounding errors. It strikes this Court as unreasonable to assume that Defendant incorrectly rounded Plaintiff's hours by two hours per week. It is unlikely that every class member will have worked overtime every week of the class period. Though Defendant cites to its payroll manager's declaration, the manager provides no facts to support these assumptions. The declaration simply calculates the total number of employees, pay periods, pay checks, etc. Accordingly, because Defendant has not provided facts to support its assumptions underlying its calculations, with respect to the first two claims, the Court finds that Defendant failed to meet its burden by a preponderance of the evidence.

Defendant next argues that Plaintiff's third and fourth causes of action for meal and rest period violations place $5,688,089.57 at issue. To reach this amount, Defendant assumes the claim states that one meal period and one rest period were missed for each work day for every class member. (Opp. at 19). Defendant then assumes a 20% violation rate resulting in an assumption "that each putative class member was denied a single meal period and a single rest period out of every five shifts worked." (Id). Defendant cites no facts to support this assumption nor does the Complaint allege support for such violations. The Complaint alleges that Plaintiff and class members did not receive compliant meal or rest periods because the periods were cut short, they were not authorized, or class members were required to work during them. These allegations say nothing of the number of missed periods. They could just as well support an assumption of one missed meal period and one missed rest period every other week, or one period missed every month, or both periods missed every year. *See Armstrong v. Ruan Transp. Corp.*, 2016 WL 6267931, at *3 (C.D. Cal. October 25, 2016)(No "logical basis" to assume one missed meal and rest period per workweek where complaint alleged class members were denied "lawful" meal and rest periods.). As with the minimum wage and overtime claims, Defendant presented no factual

3

support for its assumptions. Accordingly, Defendant has failed to meet its burden to prove the amount in controversy by a preponderance of the evidence.

Defendant contends that Plaintiff's fifth cause of action for wage statement violations puts $1,162,550 in controversy. To reach this calculation Defendant assumed violations in each and every one of the 23,251 wage statements issued during the statutory period. This assumes a 100% violation rate. Courts have found such an assumption to be unreasonable. *See e.g. Rosales v. Staples Contract & Commercial, Inc.*, 2015 WL 4537577, at *3 (C.D. Cal. July 27, 2015); *Armstrong*, 2016 WL 6267931, at *3. Here, this violation rate is unsupported by facts offered by the Defendant or the allegations in the Complaint. Accordingly, Defendant has failed to meet its burden to prove the amount in controversy by a preponderance of the evidence.

Finally, Defendant contends that Plaintiff's sixth cause of action for waiting time penalties under Labor Code section 203(a) places $3,901,132.80 in controversy. To reach this calculation, Defendant assumes that each of the 664 former employees would be entitled to 30 days of pay for 8 hour shifts at the average hourly rate of $24.48. Plaintiff alleges that "Defendants willfully failed to pay Waiting Time Subclass members all their earned wages upon termination . . . ." (Compl. at ¶74). This allegation does not claim that every employee who was fired was not paid earned wages in a timely manner. As before, those allegations are not supported by factual evidence presented by Defendant or the allegations in the Complaint and rely on a 100% violation rate. Accordingly, Defendant failed to meet its burden to prove the amount in controversy by a preponderance of the evidence as to the sixth cause of action.

Defendant contends that *Dart Cherokee* requires both sides to present evidence supporting the amount-in-controversy calculations. Though *Dart Cherokee* indicates that both sides may produce evidence in support of their respective calculations, it did not change the burden of proof on motions to remand. *Rwomwijhu v. SMX, LLC*, 2017 WL 124131, at *2 n.2 (C.D. Cal. March 3, 2017).

The Court recognizes that Defendant's burden of proof to show an amount in controversy above five-million dollars puts it in a difficult position. *Armstrong*, 2016 WL 6267931, at *7 ("Should defendants stray too far right—by providing minimal or speculative evidence for their

4

alleged violations—they risk losing the ability to litigate in federal court under CAFA. On the other hand, should defendants stray too far left–by providing ample evidence of their alleged violations—they may be admitting liability and ultimately lose their case."). However, the burden of proof in support of removal lies with the party asserting the removal jurisdiction. Though CAFA encourages federal jurisdiction over class action complaints, it does not change this burden. Accordingly, because Defendant did not meet its burden for the purposes of removal, the Motion to Remand is granted.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Dkt. No. 14) is GRANTED.

Dated: August 8, 2017.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE